IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:21-cr-113 |
| MAURICE BOXLEY | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

**I.  THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Misprision of Felony<br>On or about June 12, 2017 | 18 U.S.C. § 4 |

**II.  ELEMENTS OF THE OFFENSE**

**As to Count 1:**

In order for the crime of Misprision of Felony, in violation of 18 U.S.C. § 4, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the principal committed and completed the felony alleged.

2.       That the defendant had full knowledge of that fact.

3.       That the defendant failed to notify the relevant authorities.

4.       That the defendant took an affirmative step to conceal the crime.

United States v. Gebbie, 294 F.3d 540, 544 (3d Cir. 2002); 1 Modern Federal Jury Instructions-Criminal ¶ 12.02 (2020).

### III. PENALTIES

**As to Count 1: Misprision of Felony (18 U.S.C. § 4):**

1.       A term of imprisonment of not more than three (3) years.

2.       A fine of not more than the greater of:

(1)   $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

3.       A term of supervised release of not more than one (1) year (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI.  FORFEITURE

Not applicable in this case.

                    Respectfully submitted,

                    STEPHEN R. KAUFMAN
                    Acting United States Attorney


                    */s/ Barbara K. Doolittle*
                    BARBARA K. DOOLITTLE
                    Assistant U.S. Attorney
                    PA ID No. 204338